### JENTZ et v OHIO TRACTION COMPANY

Ohio Appeals, 1st Dist, Hamilton Co

No 3826. Decided Nov 23, 1931

H. P. Karch, Cincinnati, for plaintiffs in error.

John M. McCaslin, Cincinnati, for defendant in error.

HAMILTON, J.

The errors stressed are:

First: The court erred in giving special charge No. 1, offered and requested by the defendant. This charge is as follows:

"I charge you that if the plaintiff was guilty of negligence which directly contributed in the slightest degree to the injury and damages, then she cannot recover and your verdict must be for the defendant."

It is urged that this charge was improper, for the reason that there is no evidence tending to show contributory negligence on the part of the plaintiff. The majority of the court is of the opinion that the giving of the charge was reversible error, for the reason that there is no evidence in the record tending to show contributory negligence on the part of the plaintiff.

Again, the trial court in the general charge charged on the question of contributory negligence, and this was error. The court may not inject into the case the question of contributory negligence when there is no evidence on which to base the charge.

It is urged that the court erred in refusing plaintiffs' special charges 1 to 5, inclusive. These charges were submitted on two sheets of paper, and, while they were separately stated and numbered, the record does not disclose any request that they be given separately. It is the law that where special charges are requested to be given as a series, and there is no request to give the charges separately, the entire series may be rejected if some are erroneous. Special charge No. 1, requested, does not state the law correctly and is confusing. The trial court was justified in refusing the series.

One of the grounds of error claimed is, that the verdict and judgment are contrary to the evidence. A reading of the evidence submitted in the bill of exceptions leads the court to the unanimous conclusion that the verdict and judgment are against the weight of the evidence.

For the reasons suggested, the judgment of the Court of Common Pleas will be re-

versed, and the cause is remanded to that court for a new trial.

ROSS, PJ, and CUSHING, J, concur.

As to the case of Harry Jentz, it is conceded that the demurrer to the answer of the defendant in error should have been sustained. This defense was predicated upon the application of a two year statute of limitations to the cause of action of plaintiff in error, when a four year statute applied. The case of Harry Jentz, therefore, consolidated with the case of his wife, Gertrude Jentz, must be reversed and remanded for such further proceedings as are in accordance with law.

ROSS, PJ, HAMILTON and CUSHING, JJ, concur.